By the Court.
Sedgwick, Ch. J.
The plaintiff averred in his complaint that the defendant was unable to give good title of the real estate agreed by him to be conveyed,“in that he had not good title to the premises described in said agreement hereto annexed, by reason of the improper service of (a copy) the summons and complaint in a certain foreclosure suit, involving the premises in question,. between Michael Donoho, Michael Donoho, Jr., and Patrick Donoho as plaintiffs, and Jane Lay craft, Mary O’Hara, John O’Hara and another, as defendants, and brought in the supreme court of the state of New York, and through which foreclosure the title to the premises is derived, and in which action none of the parties hereto were parties. That said service purported to have been made on Mary O’Hara, but as matter of fact, it was not so made, but was served and left -with one Mary Evans who was not a party to said action and interested in the premises in any way. And further, that by season of said irregularities in said foreclosure suit, no jurisdiction was obtained.”
The answer averred “that all the necessary parties to said suit were made parties and served with process, all of which will more fully and at large appear by said judgment.”
The plaintiff rested his case upon some vague testimony, that in a conveyance of the property before the foreclosure proceeding, Mary O’Hara had been named as grantee, instead of Mary Hart; that after the foreclosure judgment, this mistake had been corrected, in an undescribed manner, nothing, however, being shown to prove that it was inconsistent with the foreclosure proceeding *275 being regular and obligatory on all parties in interest; that before the judgment of foreclosure, one Lavin, who was not shown to be the agent of the plaintiffs in that action, handed to one Mary Evans, and left with her, a paper which purported to be a summons in an action, in which the mortgagees were plaintiffs and Mary O’Hara and The American Ehnt Glass Company were defendants. Nothing more of importance was proved. There was no affidavit of service by Lavin. The plaintiff refused to put in evidence the judgment in foreclosure, to show on what it proceeded. It was made by a court of general jurisdiction. All presumptions are in its favor, and these presumptions cannot be rebutted, merely by showing that a copy of the summons was handed to a person who was not a party to the suit, especially where it is not shown that the party handing the paper had any authority to act for the plaintiff in the summons. There was an unfounded assumption, that this handing was a service, in the sense of a legal service. I am, therefore, of opinion that the court was right in holding that the plaintiff had not shown that the judgment in foreclosure was irregular or without jurisdiction in those respects, which he alleged in his complaint.
The court excluded papers in a proceeding taken by Mary Evans after the judgment in foreclosure. We cannot proceed to say whether or not that was erroneous, for the contents of these papers are not disclosed so as to show that they were relevant to the issue that was made in this case.
The court dismissed the complaint on the sole ground that the plaintiff had not proved the case averred in the complaint. Without any direction from the court, and without any authority in my opinion, the judgment entered was, after reciting, “the judge having directed the complaint to be dismissed, adjudged that the defendants have judgment herein dismissing the complaint of the plaintiff upon the merits.” This judgment, if it stand, will prevent tho plaintiff from bringing another *276 action for the same cause, or at least it prevents such a question under the Code. The action was at common law. The complaint was dismissed upon the plaintiff’s testimony alone. There is nothing to show, and the. presumption is the other way, that the court assumed to be in possession of the whole of the facts that the trial of the issue would comprise. The entering of the judgment in this form was an act of the clerk, and its defect is not a matter of review now. The remedy would be to move to correct the judgment, and in a proper case to appeal, if necessary, from the order made.
Judgment affirmed with costs, and order denying new trial affirmed with $10 costs, both without prejudice to a motion to correct the form of the judgment.
O’Gorman, J., concurred.